**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LBT IP I LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LBT IP I LLC ("LBT") files this complaint for patent infringement against Defendant Apple Inc. ("Apple").

**PARTIES**

1. Plaintiff LBT is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 455 Elm Street, Suite 100, Graham, Texas 76450. LBT is the owner by assignment of the following U.S. patents (collectively, the "Asserted Patents"):

   a. U.S. Patent No. 8,497,774, titled "Apparatus and Method for Adjusting Refresh Rate of Location Coordinates of a Tracking Device" (the "'774 Patent") (a copy of which is attached as Exhibit A);

   b. U.S. Patent No. 8,542,113, titled "Apparatus and Method for Determining Location and Tracking Coordinates of a Tracking Device" (the "'113 Patent") (a copy of which is attached as Exhibit B);

   c. U.S. Patent No. 8,102,256, titled "Apparatus and Method for Determining Location and Tracking Coordinates of a Tracking Device" (the "'256 Patent") (a copy of which is attached as Exhibit C);

   d. U.S. Patent No. 8,421,618, titled "Apparatus and Method for Determining Location and Tracking Coordinates of a Tracking Device" (the "'618 Patent") (a copy of which is attached as Exhibit D); and

    e.    U.S. Patent No. 8,421,619, titled "Apparatus and Method for Determining Location and Tracking Coordinates of a Tracking Device" (the "'619 Patent") (a copy of which is attached as Exhibit E).

2.    Upon information and belief, Defendant Apple is a California corporation with a regular and established place of business at 125 Christiana Mall, Newark, DE 19702. Apple may be served with process through its registered agent for service of process in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3.    Apple directly and/or indirectly makes, imports, distributes, markets, sells and/or offers to sell throughout the United States, including in this judicial district, products and/or services ("the Accused Products") that infringe one or more claims of the Asserted Patents as described below. The Accused Products include all Apple devices, including iPhones and iPads, that have a low power mode, core location feature and/or facedown detection mode as more full described below.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

5.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Apple because it has substantial, continuing, and ongoing contacts with this judicial district, and sells, distributes, and/or offers to sell into this judicial district the Accused Products through the Apple Store in Newark, DE, through the apple.com website and through third-party vendors.

7.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and § 1400(b) because Apple transacts business in this judicial district and because it is subject to personal jurisdiction in this judicial district.

## The Asserted Patents

8.      Each of the Asserted Patents generally claims improvements in battery conservation of portable electronic devices. Filed between 2008 and 2012, they were originally assigned to Location Based Technologies, Inc., who commercialized the claimed technology in its PocketFinder GPS devices.

9.      Battery conservation has become a critical aspect of portable electronic devices, with many consumers rating it as a high priority in purchasing decisions. According to a recent Consumer Reports article, "[t]o some smartphone users, battery life is *the single most important factor* in choosing a device." *See* https://www.consumerreports.org/smartphones/smartphones-with-the-best-battery-life/, accessed on May 31, 2019 (emphasis added).

10.     The Asserted Patents improve battery life through systems and methods that monitor various signals and inputs received by the portable electronic device and using those signals and inputs to control battery consumption. Each of the claimed systems and methods improve the operation of computer systems in the context of portable electronic devices and represent unconventional uses of technology as of the Asserted Patents' respective filing dates. *See*, for example, Ex. A at col. 2, l. 46 – col. 3, l. 51; Ex. B at col. 2, l, 45 – col. 3, l. 21; Ex. C at col. 2, l. 40 – col. 3, l. 15; Ex. D at col. 2, l. 44 – col. 3, l. 20; Ex. E at col. 2, l. 44 – col. 3, l. 20 (describing inventive aspects of the various patents and their improvements over the prior art).

11.     As a result of the improvements claimed by the Asserted Patents, the battery life for Apple's Accused Products has been extended to the point that Apple's iPhone home page

advertising its newest model, the iPhone XR, mentions only one feature: "The longest battery life ever in an iPhone." See https://www.apple.com/iphone/, accessed on May 31, 2019.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,497,774

12. LBT re-alleges and incorporates herein by reference the allegations stated in paragraphs 1-11 of this Complaint.

13. Apple has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '774 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States its Accused Products, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

14. Apple's direct infringement includes using the system of at least claims 1, 4, 5, 8, 13, and 15 of the '774 Patent. Specifically, Apple's direct infringement includes making, using, selling, offering to sell and/or importing a system by which it monitors and adjusts battery consumption in the manner claimed in the above-identified claims.

15. For example, the Accused Products include a "low power mode" that reduces or stops certain background activity, including background activity related to transceiver circuitry and/or processor circuitry associated with the Accused Products' GPS functionality, in order to conserve battery life.

16. As a result of the activities described above, Apple is liable for direct infringement of the above-identified claims of the '774 Patent under 35 U.S.C. § 271(a).

17. To the extent any factfinder concludes that Apple does not literally satisfy any element of the claims of the '774 Patent, those elements are met under the Doctrine of Equivalents.

18. Alternatively and in addition to its liability for direct infringement of the above-identified claims of the '774 Patent, Apple is also liable for indirectly infringing the above-identified claims of the '774 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

19. Apple has been aware of the '774 Patent and the infringing nature of its Accused Products since June 24, 2019 when LBT sent a letter to Apple giving it actual notice of the infringement.

20. The direct infringement induced or contributed to by Apple includes at least the use of the Accused Products by Apple's customers.

21. Apple encourages continued direct infringement of the above-identified claims of the '774 Patent by at least providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.

22. Apple induces continued infringement by at least encouraging and instructing its customers to provide some or all of the claimed elements, including instructing them on the use of the low power mode, with the knowledge that that such use constitutes infringement of the '774 Patent.

23. Apple contributes to direct infringement of the asserted claims of the '774 Patent by providing its customers with the necessary software and instructions to operate the Accused Products, including instructions related to the low power mode. The low power mode is not a

staple article of commerce and has no substantial non-infringing uses. It is specifically designed to work with the Accused Products and its only purpose is to operate in a manner that directly infringes the asserted claims of the '774 Patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,542,113

24. LBT re-alleges and incorporates herein by reference the allegations stated in paragraphs 1-23 of this Complaint.

25. Apple has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '113 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States its Accused Products, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

26. Apple's direct infringement includes using the methods and systems of at least claims 1-4, 7-14, and 17-18 of the '113 Patent. Specifically, Apple's direct infringement includes making, using, selling, offering to sell and/or importing Accused Products that adjust the power level of location tracking circuitry based on the strength of certain location-related signals in the manner claimed in the above-identified claims.

27. For example, the Accused Products include a "core location" feature that reduces or stops certain background activity, including background activity related to transceiver circuitry and/or processor circuitry associated with the Accused Products' GPS functionality, in order to conserve battery life.

28. As a result of the activities described above, Apple is liable for direct infringement of the above-identified claims of the '113 Patent under 35 U.S.C. § 271(a).

29.     To the extent any factfinder concludes that Apple does not literally satisfy any element of the claims of the '113 Patent, those elements are met under the Doctrine of Equivalents.

30.     Alternatively and in addition to its liability for direct infringement of the above-identified claims of the '113 Patent, Apple is also liable for indirectly infringing the above-identified claims of the '113 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

31.     Apple has been aware of the '113 Patent and the infringing nature of its Accused Products since June 24, 2019 when LBT sent a letter to Apple giving it actual notice of the infringement.

32.     The direct infringement induced or contributed to by Apple includes at least the use of the Accused Products by Apple's customers.

33.     Apple encourages continued direct infringement of the above-identified claims of the '113 Patent by at least providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.

34.     Apple induces continued infringement by at least encouraging and instructing its customers to perform some or all of the claimed steps, including instructing them on the use of the low power mode, with the knowledge that that such use constitutes infringement of the '113 Patent.

35.     Apple contributes to direct infringement of the asserted claims of the '113 Patent by providing its customers with the necessary software and instructions to operate the Accused Products, including instructions related to the core location functionality. The core location

functionality is not a staple article of commerce and has no substantial non-infringing uses. It is specifically designed to work with the Accused Products and its only purpose is to operate in a manner that directly infringes the asserted claims of the '113 Patent.

### **COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,102,256**

36. LBT re-alleges and incorporates herein by reference the allegations stated in paragraphs 1-35 of this Complaint.

37. Apple has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '256 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States its Accused Products, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

38. Apple's direct infringement includes using the systems of claim 10 of the '256 Patent. Specifically, Apple's direct infringement includes making, using, selling, offering to sell and/or importing a system by which it monitors and adjusts battery consumption in the manner claimed in the above-identified claim.

39. For example, the Accused Products include a "facedown detection mode" that uses an accelerometer to generate displacement vectors that are used to reduce or stop certain background activity, including background activity associated with the Accused Products' GPS functionality, in order to conserve battery life.

40. As a result of the activities described above, Apple is liable for direct infringement of the above-identified claim of the '256 Patent under 35 U.S.C. § 271(a).

41. To the extent any factfinder concludes that Apple does not literally satisfy any element of the asserted claim of the '256 Patent, those elements are met under the Doctrine of Equivalents.

42. Alternatively and in addition to its liability for direct infringement of the above-identified claim of the '256 Patent, Apple is also liable for indirectly infringing the above-identified claim of the '256 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

43. Apple has been aware of the '256 Patent and the infringing nature of its Accused Products since June 24, 2019 when LBT sent a letter to Apple giving it actual notice of the infringement.

44. The direct infringement induced or contributed to by Apple includes at least the use of the Accused Products by Apple's customers.

45. Apple encourages continued direct infringement of the above-identified claim of the '256 Patent by at least providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.

46. Apple induces continued infringement by at least encouraging and instructing its customers to meet some or all of the claimed elements, including instructing them on the use of the facedown detection mode, with the knowledge that that such use constitutes infringement of the '256 Patent.

47. Apple contributes to direct infringement of the asserted claim of the '256 Patent by providing its customers with the necessary software and instructions to operate the Accused Products, including instructions related to the facedown detection mode. The facedown detection

mode is not a staple article of commerce and has no substantial non-infringing uses. It is specifically designed to work with the Accused Products and its only purpose is to operate in a manner that directly infringes the asserted claim of the '256 Patent.

## **COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,421,618**

48. LBT re-alleges and incorporates herein by reference the allegations stated in paragraphs 1-47 of this Complaint.

49. Apple has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '618 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States its Accused Products, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

50. Apple's direct infringement includes using the systems and methods of claims 1, 9-16, and 19-24 of the '618 Patent. Specifically, Apple's direct infringement includes making, using, selling, offering to sell and/or importing devices that monitor and adjust battery consumption in the manner claimed in the above-identified claim.

51. For example, the Accused Products include a facedown detection mode that uses an accelerometer to generate displacement vectors that are used to reduce or stop certain background activity, including background activity related to transceiver circuitry and/or processor circuitry associated with the Accused Products' GPS functionality, in order to conserve battery life.

52. As a result of the activities described above, Apple is liable for direct infringement of the above-identified claims of the '618 Patent under 35 U.S.C. § 271(a).

53. To the extent any factfinder concludes that Apple does not literally satisfy any element of the claims of the '618 Patent, those elements are met under the Doctrine of Equivalents.

54. Alternatively and in addition to its liability for direct infringement of the above-identified claims of the '618 Patent, Apple is also liable for indirectly infringing the above-identified claims of the '618 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

55. Apple has been aware of the '618 Patent and the infringing nature of its Accused Products since June 24, 2019 when LBT sent a letter to Apple giving it actual notice of the infringement.

56. The direct infringement induced or contributed to by Apple includes at least the use of the Accused Products by Apple's customers.

57. Apple encourages continued direct infringement of the above-identified claims of the '618 Patent by at least providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.

58. Apple induces continued infringement by at least encouraging and instructing its customers to perform some or all of the claimed steps, including instructing them on the use of the facedown detection mode, with the knowledge that that such use constitutes infringement of the '618 Patent.

59. Apple contributes to direct infringement of the asserted claims of the '618 Patent by providing its customers with the necessary software and instructions to operate the Accused Products, including instructions related to the facedown detection mode. The facedown detection

mode is not a staple article of commerce and has no substantial non-infringing uses. It is specifically designed to work with the Accused Products and its only purpose is to operate in a manner that directly infringes the asserted claims of the '618 Patent.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,421,619

60. LBT re-alleges and incorporates herein by reference the allegations stated in paragraphs 1-59 of this Complaint.

61. Apple has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '619 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States its Accused Products, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

62. Apple's direct infringement includes using the systems and methods of claims 1, 3, 5-7, 11, 12, and 14-17 of the '619 Patent. Specifically, Apple's direct infringement includes making, using, selling, offering to sell and/or importing devices that monitor and adjust battery consumption in the manner claimed in the above-identified claims.

63. For example, the Accused Products include a facedown detection mode that uses an accelerometer to generate displacement vectors that are used to reduce or stop certain background activity, including background activity related to transceiver circuitry and/or processor circuitry associated with the Accused Products' GPS functionality, in order to conserve battery life.

64. As a result of the activities described above, Apple is liable for direct infringement of the above-identified claims of the '619 Patent under 35 U.S.C. § 271(a).

65. To the extent any factfinder concludes that Apple does not literally satisfy any element of the claims of the '619 Patent, those elements are met under the Doctrine of Equivalents.

66. Alternatively and in addition to its liability for direct infringement of the above-identified claims of the '619 Patent, Apple is also liable for indirectly infringing the above-identified claims of the '619 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

67. Apple has been aware of the '619 Patent and the infringing nature of its Accused Products since June 24, 2019 when LBT sent a letter to Apple giving it actual notice of the infringement.

68. The direct infringement induced or contributed to by Apple includes at least the use of the Accused Products by Apple's customers.

69. Apple encourages continued direct infringement of the above-identified claims of the '619 Patent by at least providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.

70. Apple induces continued infringement by at least encouraging and instructing its customers to perform some or all of the claimed steps, including instructing them on the use of the facedown detection mode, with the knowledge that that such use constitutes infringement of the '619 Patent.

71. Apple contributes to direct infringement of the asserted claims of the '619 Patent by providing its customers with the necessary software and instructions to operate the Accused Products, including instructions related to the low power mode. The facedown detection mode is

not a staple article of commerce and has no substantial non-infringing uses. It is specifically designed to work with the Accused Products and its only purpose is to operate in a manner that directly infringes the asserted claims of the '619 Patent.

## **DAMAGES**

72. Apple's acts of infringement have caused damage to LBT and LBT is entitled to recover from Apple the damages it has sustained as a result of Apple's wrongful acts in an amount subject to proof at trial. Apple's infringement of LBT's exclusive rights under the Asserted Patents will continue to damage LBT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Apple's ongoing infringement is willful and deliberate, as Apple became aware of the infringing nature of its Accused Products prior to the filing of this Complaint, entitling LBT to increased damages and reasonable attorneys' fees for post-complaint infringement pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, LBT prays that it has judgment against Defendant Apple Inc. for the following:

(1)  Adjudging that Defendant Apple Inc. has infringed the Asserted Patents;

(2)  Permanently enjoining and restraining Defendant Apple Inc. and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association, active concert or participation with any of them, from further acts of infringement, contributory infringement or inducement of infringement of any asserted claim of the Asserted Patents;

(3)  A judicial decree that Defendant Apple Inc. pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

(4) Awarding damages to LBT, together with both pre-judgment and post-judgment interest;

(5) Awarding increased damages pursuant to 35 U.S.C. § 284;

(6) Finding this action constitutes an exceptional case pursuant to 35 U.S.C. § 285;

(7) Awarding LBT all of its costs in this action, including attorneys' fees and expenses; and

(8) Awarding such other and further relief, at law or in equity, to which LBT is justly entitled.

## JURY DEMAND

LBT hereby demands a jury trial on all issues so triable.

Dated: July 1, 2019

*Of Counsel:*

Brian S. Seal
Thomas G. Southard
BUTZEL LONG
1909 K. Street N.W. Suite 500
Washington, DC 20006
Telephone: (202) 454-2800
seal@butzel.com
southard@butzel.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Plaintiff LBT IP I LLC*