

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

March 18, 2020

VIA ELECTRONIC-FILING

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

    Re:    *LBT IP I LLC v. Apple Inc.*, C.A. No. 19-1245 (LPS)

Dear Chief Judge Stark:

    In response to the Court's March 12, 2020 Order, Apple Inc. respectfully submits this letter in support of its request for a limited prosecution bar in this case. The parties have diligently discussed and negotiated the terms of a proposed Protective Order, including numerous provisions to protect the highly confidential documents and source code that Apple will be required to produce, to the extent such materials exist. The only remaining dispute is whether a prosecution bar should extend to proceedings before the Patent Trial and Appeal Board ("PTAB"). (*See* Exhibit A at 1). Recent decisions from this District that have addressed this issue have acknowledged that there is a substantial risk of a plaintiff "even inadvertently[,] strategically narrowing the scope of its claims" through claim amendments in post-grant proceedings, "based on information that it learns (about currently accused products, or products under development) from [a defendant's] confidential information." *See Boston Scientific Corp. v. Cook Grp. Inc.*, C.A. No. 15-980-LPS-CJB, 2017 WL 547903, at *2 (D. Del. Feb. 10, 2017) (rejecting Plaintiff's proposed modification to the protective order to allow its counsel to participate in IPR proceedings). To protect itself from this same risk, Apple requests that the Court order that the protective order entered in this case include Apple's proposed prosecution bar, which prohibits any firm representing LBT that receives Apple's highly confidential documents or source code from participating in any claim drafting or claim amendment activity before the PTAB. The parties' proposed Protective Order is attached hereto as Exhibit B, which includes the parties' competing proposals for a prosecution bar in paragraph 6(b).

    Federal Circuit law governs whether a protective order should include a prosecution bar. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377-78 (Fed. Cir. 2010). First, courts must determine whether counsel "is involved in 'competitive decision making' with its client," and must next balance the risk of inadvertent disclosure or competitive use "against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id*. at 1378-80. Applying this framework, courts in this and other districts have routinely entered protective orders having prosecution bar provisions that are materially the same in scope as what Apple requests, if not more preclusive. For example, in *Edwards Lifesciences*, the Court excluded Plaintiff's trial counsel from participating in two patent

The Honorable Leonard P. Stark
March 18, 2020
Page 2

reexaminations, noting that "permitting … Paul Weiss attorneys to participate in the reexamination would create a high risk that confidential … information would be used or disclosed." *See, e.g.*, *Edwards Lifesciences AG v. CoreValve, Inc.*, C.A. No. 08-91-GMS, 2011 WL 10565589, at *1 (D. Del. Feb. 23, 2011). Similarly, in *Boston Scientific*, the Court rejected Plaintiff's proposal to allow its counsel with access to confidential business information to participate in IPR proceedings, even though counsel would not have had "any involvement in any discussions, drafting or analysis of any proposed claim language or claim amendments." *See Boston Scientific*, 2017 WL 547903, at *1; *see also MAX Int'l v. Iconex LLC*, C.A. No. 18-1412-MN, D.I. 27 (D. Del. Mar. 6, 2019) (ordering prosecution bar precluding Plaintiff's counsel with access to confidential information from participating in "all reissue, reexamination, and IPR proceedings"); *Finjan, Inc. v. ESET, LLC*, Case No. 17-cv-183, 2017 WL 6557760, at *6 (S.D. Cal. Dec. 21, 2017) (allowing Plaintiff's litigation counsel to represent Plaintiff in co-pending IPRs subject to the prosecution bar's "prohibition on involvement in drafting or amending claims"); *Grobler v. Apple Inc.*, Case No. 12-cv-1534, 2013 WL 3359274, at *2 (N.D. Cal. May 7, 2013) (same).

Apple's proposal is narrowly tailored and good cause exists for adopting it. Apple's requested prosecution bar does not seek to wholesale prevent LBT's litigation counsel from participating in PTAB proceedings, but instead is limited only to claim drafting or claim amendment activity before the PTAB. Good cause exists for adopting Apple's proposal because LBT's counsel, Butzel Long, P.C., appears to have a financial interest in the outcome of this litigation. Location Based Technologies, Inc.'s CEO, Dave Morse, recently announced that "LBT IP I LLC is being represented, ***on a contingency basis***, by a highly reputable law firm, Butzel Long…. This action represents the company's first major step ***in monetization*** of its many valuable patents[.]" (July 2, 2019 Letter to Shareholders, Exhibit C) (emphasis added). Based on its contingency arrangement, LBT's counsel has a financial incentive to amend claims in a post-grant proceeding to cover Apple's products. This incentive presents a heightened risk of unauthorized use of Apple's highly confidential information—a risk that outweighs any inconvenience to LBT in having to use separate counsel to participate in claim amendment activity before the PTAB. *See British Telecommunications PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 397 (D. Del. 2019) ("[i]n-depth knowledge of a competitor's highly confidential technical information, combined with the ability to amend or draft claims, may convey a dangerously unfair advantage to the claim drafter.") (internal citations omitted). While some cases, such as *British Telecom*, have limited a bar to attorneys that obtain access to a defendant's confidential information, a bar that extends to all Butzel Long attorneys is more appropriate here. Butzel Long lists only six attorneys under its patent practice group section,[1] as opposed to the 84 patent practice group attorneys listed on the website for Plaintiff's counsel in *British Telecom*.[2] There is thus a greater likelihood here that, absent the bar Apple requests, LBT's litigation and prosecution counsel—if at the same firm—will interact with one another with greater frequency, increasing the risk of unauthorized disclosure of Apple's confidential business information.

Apple expects that LBT will rely on cases in this District where courts permitted litigation counsel to participate in drafting claim amendments in post-grant proceedings. For

---

[1] *See* https://www.butzel.com/services-detail-patent-law-attorneys-practice-teams.html. In addition, LBT uses different counsel (Schwie Law, LLC) to prosecute patent applications before the USPTO, further minimizing any hardship from Apple's proposed prosecution bar.
[2] *See* https://www.mbhb.com/people?practice=458.

The Honorable Leonard P. Stark
March 18, 2020
Page 3

example, in *Two-Way Media* the Court found that there was "little risk that confidential information learned in litigation [would] be competitively used to draft claims that read on Defendants' products" because "only narrowing claim amendments may be made during post-grant proceedings." *See Two-Way Media Ltd. v. Comcast Cable Comm's*, C.A. No. 14-1006-RGA, 2015 WL 7257915, at *2 (D. Del. Nov. 17, 2015). However, the *British Telecom* Court recently addressed this apparent discrepancy, noting that *Two-Way Media* and other similar cases "antedate the more recent cases that have taken ***a more preclusive approach*** to the participation of litigation counsel in post-grant proceedings." *British Telecom*, 330 F.R.D. at 397-98 (emphasis added). Indeed, "***the trend of recent decisions*** by courts in [the District of Delaware] as well as elsewhere ***has been to adopt some form of restriction on the activity of patentees' litigation counsel*** in post-grant review proceedings." *Id*. at 398 (emphasis added). This is because even with narrowed claims, "the risk associated with the improper use of [Defendant's] confidential information is that the patent prosecutors can arrange to 'strategic[ally] narrow' claims to avoid prior art while still capturing the defendants' products." *Id*. at 396 (collecting cases); *see also Intellectual Ventures I LLC v. AT&T Mobility, LLC*, C.A. No. 12-193-LPS, D.I. 255, Tr. 49 (D. Del. June 13, 2014) ("there is a risk that those conversations that litigation counsel wish to have the freedom to have with IPR counsel could be informed by confidential information of defendants that litigation counsel have had access to").

Finally, LBT may argue that Apple could raise a defense of intervening rights under 35 U.S.C. §§ 252, 307(b), or 316(b) as to any potential claim amendments made during IPR proceedings, and that, as a result, there is no risk to Apple in allowing counsel with access to Apple's highly confidential documents to participate in claim drafting or amending. Even if Apple can raise such a defense, it is within the Court's discretion whether to apply intervening rights to accused products made or imported after any amended claims issue, so there is nothing preventing LBT from seeking damages for sales of accused products made after any potential claim amendment issues.[3] Moreover, intervening rights would not necessarily apply to future Apple products. *See, e.g.*, *BIC Leisure Products, Inc. v. Windsurfing Intern., Inc.*, 1 F.3d 1214, 1220-21 (Fed. Cir. 1993) ("the trial court *may*, as dictated by the equities, protect investments made before reissue") (emphasis added). Any potential intervening rights would therefore not guard against LBT using Apple's highly confidential information to propose claim amendments for the asserted patents that targeted Apple's current and future products.

For these reasons, Apple respectfully requests that the Court enter a Protective Order that includes Apple's proposed patent prosecution bar.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/6620272/49377

Enclosures
cc:    Counsel of Record (via email)

---

[3] The asserted patents in this litigation will not expire for at least eight years, beginning in 2028.