

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Karen L. Pascale**
P 302.571.5001
F 302.576.3516
kpascale@ycst.com

March 20, 2020

**VIA CM/ECF**

The Honorable Leonard P. Stark
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE  19801

       Re:    *LBT IP I LLC. v. Apple Inc.*, C.A. No. 19-1245-LPS

Dear Chief Judge Stark:

       Pursuant to the Court's oral order of March 12, 2020 (D.I 22), Plaintiff LBT IP I LLC ("LBT") respectfully submits this response to the March 18, 2020 letter (D.I. 23) from Defendant Apple Inc. ("Apple") regarding its proposed prosecution bar.

       As stated in Apple's letter, the parties have agreed in principle to a protective order that includes a prosecution bar preventing LBT's litigation counsel from participating in certain proceedings before the U.S. Patent and Trademark Office. The parties' sole disagreement is whether that prosecution bar should extend to preclude LBT's litigation counsel from participating in any claim amendments in post-grant proceedings, including reexaminations and *inter partes* reviews. For the reasons set forth below, LBT contends that Apple has not met its burden for the imposition of such a bar.

       Even should the Court find that some extension of the prosecution bar to post-grant proceedings is warranted, it could impose a less restrictive and less burdensome bar than the one proposed by Apple, which would cover all attorneys employed by Butzel Long, LBT's litigation counsel firm. D.I. 23 at 2 (seeking "a bar that extends to all Butzel Long attorneys"). As discussed in more detail below, when this Court has imposed a prosecution bar, it has most often limited it to only those individual attorneys who actually gain access to the opposing party's confidential material.

       A party seeking a protective order has the burden of showing good cause for its issuance, as does a party seeking to include in a protective order a provision effecting a prosecution bar. *Xerox Corp. v. Google Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010). The threshold question is whether the absence of a bar creates an unacceptable risk of inadvertent disclosure. *Id*. Only if a court determines that there is such a risk must it then "balance this risk against the potential harm

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F   302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
The Honorable Leonard P. Stark
March 20, 2020
Page 2

to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice," which is a fundamental right. *Id*. at 184.

This Court has routinely declined to impose a prosecution bar in the context of post-grant proceedings because any amendments can only narrow the claims, which offers no increased risk of infringement. *See Toshiba Samsung Storage Technology Korea Corporation v. LG Electronics, Inc.*, No. 15–691–LPS–CJB, 2016 WL 447794, at *2 (D. Del. Feb. 4, 2016) ("it is hard to dispute that the magnitude of this risk is far less pronounced with respect to an IPR proceeding (in which TSST–K's patent claims may be only narrowed, not enlarged)"); *Two-Way Media Ltd. v. Comcast Cable Communications, LLC*, No. 14-1006-RGA, 2015 WL 7257915, at *2 (D. Del. Nov. 17, 2015) ("only narrowing claim amendments may be made during post-grant proceedings"); *Xerox Corp.*, 270 F.R.D. at 184 ("amendments made during reexamination can only serve to *narrow* the original claims") (emphasis in original).

Here, in particular, the "good cause" alleged by Apple is highly speculative and unfounded. For example, Apple asserts that a suspected contingency arrangement between LBT and its litigation counsel, Butzel Long, provides a "financial incentive to amend claims in a post-grant proceeding to cover Apple's products." D.I. 23 at 2. Yet Apple is not privy the terms of Butzel Long's engagement with LBT, nor does it explain how any supposed arrangement would incentivize Butzel Long beyond the standard obligations it has to represent its client. As this Court has recognized, any "plaintiff will certainly seek to preserve the broadest possible reading of its claims on reexamination regardless of any insight gleaned from defendants' confidential information." *Xerox Corp.*, 270 F.R.D. at 185.

Apple further asserts without support that the size of Butzel Long's patent group makes it somehow more likely to have an unauthorized disclosure than a firm with a larger group because Butzel's attorneys will presumably "interact with one another with greater frequency." D.I. 23 at 2. There is no basis, however, to believe that a smaller firm would have a more difficult time enforcing an ethical wall among its attorneys than a larger firm would—it is just as likely easier to enforce given the smaller number of attorneys subjected to the ethical wall.

Conversely, the harm to LBT from Apple's proposed prosecution bar is substantial. As stated by this Court in *Xerox*:

> Plaintiff also has a legitimate interest in formulating a coherent and consistent litigation strategy. While a parallel reexamination proceeding may not formally be part of this litigation, choices made before the PTO nonetheless have consequences in this court. The validity of reexamined and amended claims, for example, will ultimately have to be explained and defended before a jury in this litigation. Trial counsel are better suited to assess claim language to this end than reexamination counsel, who practice before the PTO and do not try cases to a jury. Additionally, because reexamination (especially *inter partes* reexamination) is an increasingly important venue for challenging a patent's validity, preventing trial counsel exposed to defendants' confidential information from fully participating in reexamination proceedings would force plaintiff to split its resources between two fronts of the same war.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Leonard P. Stark
March 20, 2020
Page 3

270 F.R.D. at 185 (internal citations omitted). On balance, the harm to LBT outweighs the speculative risk of any inadvertent disclosure. Apple's proposed prosecution bar is thus unwarranted.

In the event the Court decides that a bar is necessary, however, it could impose one that is far less restrictive than the firm-wide bar proposed by Apple. Indeed, this Court has rarely imposed such a sweeping bar, opting instead to limit any post-grant prosecution bar only to those individual attorneys who actually receive the opposing party's confidential information, including the very cases upon which Apple relies.

In *British Telecommunications*, the Court imposed a prosecution bar only against specific individual attorneys who had access to the defendant's confidential information. *British Telecommunications, PLC v. IACV/InterActiveCorp*, 330 F.R.D. 387, 395 (D. Del. 2019). Other litigation counsel who had not received that confidential information were not barred. *Id*. (noting that the burden on the plaintiff due to a prosecution bar "would be mitigated to a great extent by (1) the absence of any restriction on litigation counsel participating in the post-grant review proceedings, except for the drafting and amendment of claims, and (2) the fact that ***any counsel, including litigation counsel, who have not had access to the defendants' confidential materials can participate in drafting or amending claims, if that proves necessary, in the post-grant proceedings***.") (emphasis added).

Similarly, in *MAX Int'l v. Iconex LLC*, the Court issued a "narrowly tailored" prosecution bar that was limited to attorneys "who *actually view* or otherwise become aware of information marked as Attorneys' Eyes Only (AEO)." C.A. No. 18-1412-MN, D.I. 26 at 1 (D. Del. Mar. 4, 2019) (emphasis in original). *See also Intellectual Ventures I LLC v. AT&T Mobility, LLC*, C.A. No. 12-193-LPS, D.I. 255, Tr. 16 (D. Del. June 13, 2014) (noting that the bar imposed by the Court "only applies to individuals who have reviewed confidential information. It does not apply to the firm as a whole."); *Versata Software, Inc. v. Callidus Software Inc.*, No. 12–931–SLR, 2014 WL 1117804, at *1-2 (D. Del. Mar. 12, 2014) (prosecution bar for post-grant proceedings that applied only to counsel who had received access to defendants' highly-confidential source code); *Evertz Microsystems Ltd. v. Lawo Inc.*, No. 19-302-MN-JLH, 2019 WL 5864173 at *3 (D. Del. Nov. 8, 2019) (limiting prosecution bar to two attorneys from the firm of Bereskin & Parr)[1].

Thus, should the Court determine that some prosecution bar covering amendments in post-grant proceedings is appropriate, it can reduce the burden on LBT by limiting such a bar to those individual attorneys who have actually received Apple's confidential information.

Respectfully submitted,

*/s/ Karen L. Pascale*

---

[1] According to Chambers, Bereskin & Parr has 68 attorneys total at present. *See* https://chambers.com/law-firm/bereskin-parr-llp-canada-20:102652

Young Conaway Stargatt & Taylor, LLP
The Honorable Leonard P. Stark
March 20, 2020
Page 4

                                                  Karen L. Pascale (#2903)

cc:  All Counsel of Record via CM/ECF and E-mail